Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2785 | **DATE** | 8/12/2002 |
| **CASE TITLE** | Daleidan v. DuPage Internal Medicine, Ltd. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Partial Motion to Dismiss (#8-1)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the attached reasons, Defendant's Motion to Dismiss Count II of the Amended Complaint (#8-1) is GRANTED without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | AUG 13 2002 | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 11 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | date mailed notice | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BARBARA DALEIDAN )
    Plaintiff, )
) CASE NO. 02 C 2785
v. )
) JUDGE WILLIAM J. HIBBLER
DUPAGE INTERNAL MEDICINE, LTD. )
    Defendant. )

AUG 1 3 2002

## MEMORANDUM ORDER AND OPINION

Plaintiff originally filed a four count complaint in state court and alleged claims relating out of her alleged wrongful discharge. Defendant removed the matter to federal court pursuant to 28 U.S.C. § 1441(b) and the "complete preemption" exception to the well-pleaded complaint doctrine. Once in federal court, Defendant filed a motion to dismiss Counts II (breach of contract), III (breach of fiduciary duty) and IV (intentional infliction of emotional distress ("IIED")) and requested Count I remain as a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), etal. Before the Court could set a briefing schedule for Defendant's dispositive motion, Plaintiff filed for leave to file an amended complaint. In her amended complaint, Plaintiff restates Count I as an ERISA claim, removed Counts II and III and repleaded Count IV (i.e. the IIED claim) as the new Count II. Defendant responded to the amended complaint with the present motion to dismiss the IIED claim of

1

Count II. Specifically, Defendant argues Plaintiff's IIED cause of action should be dismissed in the present federal complaint, as the claims set forth by Plaintiff relate to an employee welfare plan, for which the exclusive remedies are provided by ERISA. For the reasons noted herein, Defendant's motion to dismiss Count II is **GRANTED** without prejudice.

## MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) should test the sufficiency of the complaint rather than address the merits of the case. This Court must construe all allegations in the complaint in a light most favorable to the plaintiff, taking all well-pleaded facts and allegations within the complaint as true. *Bontkowski v. First Nat. Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). Because Plaintiff's allegations are taken as true, Defendant must meet a high standard in order to have the complaint dismissed for failure to state a claim upon which relief may be granted. The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hartford Fire Insurance Co. v. California*, 509 U.S. 764 (1993); *Sherwin Manor Nursing Center, Inc. v. McAuliffe*, 37 F.3d 1216, 1219 (7th Cir.1994). This Court must construe the present pleadings liberally in compliance with the notice pleading

2

provision of the federal rules. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993). However, this Court need not stretch the allegations beyond their sensible and reasonable implications. *Chan v. City of Chicago,* 777 F.Supp. 1437, 1440 (N.D.Ill.1991).

## ANALYSIS

In relevant part, ERISA's preemption clause provides: "Except as provided in subsection (b) [the saving clause], the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. §1144(a) ("Section 1144").

On a number of occasions, the Supreme Court has interpreted Section 1144, particularly its "relate to" language. In *District of Columbia v. Greater Washington Bd. of Trade*, 506 U.S. 125 (1992), the Court stated it has "repeatedly stated that a law 'relate[s] to' a covered employee benefit plan for purposes of [Section 1144] 'if it has connection with or reference to such a plan.'" *Id.* at 129 (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983)). "This reading is true to the ordinary meaning of 'relate to' ... and thus gives effect to the 'deliberately expansive' language chosen by Congress." *Id.* (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987)). "Under [Section 1144], ERISA pre-empts any state law that refers to or has a

3

connection with covered benefit plans ... 'even if the law is not specifically designed to affect such plans, or the effect is only indirect.'" *Id.* (quoting *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990)).

On the one hand, the preemption clause is broad. *See New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins., Co.*, 514 U.S. 645 (1995). The "clause is conspicuous for its breadth," and courts should "'expansively'" apply it. *Maciosek v. Blue Cross & Blue Shield*, 930 F.2d 536, 539 (7th Cir.1991)(quoting *FMC Corp. v. Holliday*, 498 U.S. 52, 56-58 (1990); *Ingersoll-Rand*, 498 U.S. at 138). The clause expresses a "clear preemptive mandate" that "remains virtually undefeated." *Tomczyk v. Blue Cross & Blue Shield*, 951 F.2d 771, 776 (7th Cir.1991), *cert. denied*, 504 U.S. 940 (1992); *Maciosek*, 930 F.2d at 539. It "knocks out any effort to use state law, including state common law, to obtain benefits under [an ERISA] plan." *Pohl v. National Benefits Consultants, Inc.*, 956 F.2d 126, 128 (7th Cir.1992); *see Smith v. Blue Cross & Blue Shield*, 959 F.2d 655, 657 (7th Cir.1992).

On the other hand, the preemption clause's breadth is finite. In *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1 (1987), the Court stated "ERISA pre-emption analysis 'must be guided by respect for the separate spheres of governmental authority preserved in our federalist system.'" *Id.* at 19 (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 522 (1981)). "Some state

4

actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw*, 463 U.S. at 100, n. 21; *see Rehabilitation Institute v. Group Administrators, Ltd.*, 844 F.Supp. 1275, 1279 (N.D.Ill.1994). In *Pohl*, the Seventh Circuit stated "ERISA's preemption provision is very broad, but the word 'related' must not be taken literally." *Pohl*, 956 F.2d at 128; *see also Trustmark Life Ins. v. Univ. of Chicago Hospitals*, 207 F.3d 876 (7th Cir. 2000).

In the present matter, ERISA preempts Plaintiff's IIED state law cause of action. In Count II, Plaintiff asserted Defendant intentionally inflicted extreme emotional distress upon Plaintiff because Defendant's "conduct in firing [Plaintiff] while she was in the hospital trying to recover from a suicide attempt *in order to avoid liability for failing to provide [Plaintiff] with medical insurance and to retaliate against her for filing a claim against that insurance*, constitutes extreme and outrageous conduct." (Am. Compl. at Count II, ¶ 11)(emphasis added). Further, in her discussion of her IIED claim, Plaintiff repeatedly refers to her dispute over her insurance benefits and the employee benefit plan and connects and intertwines the two claims. *See* Am. Compl. at Count II, ¶ 12 ("Defendant [] knew that there was a high probability [terminating Plaintiff and leaving] her unemployed while *she was trying to pay a $10,000.00 hospital bill out of her*

5

*own pocket... would inflict severe emotional distress on [Plaintiff]."* (Emphasis added)); 13 ("Defendant caused severe emotional distress for [Plaintiff], who had additional suicidal ideations after she was released from Elgin because of being fired, having no income, and having to sell her home *to pay for her hospitalizations* for the suicide attempt." (Emphasis added)); 16 ("Defendant wrongfully fired Plaintiff and *refused to process her disability paperwork* after it already knew she was undergoing severe emotional distress from learning *she had no insurance*, and when, in fact, she was being hospitalized for severe depression." (Emphasis added)). Finally, Plaintiff states "Defendant['s][] conduct in firing [Plaintiff]... *in order to avoid liability for failing provide [Plaintiff] with medical insurance and to retaliate against her for filing a claim against that insurance*, constitutes extreme and outrageous conduct." (Am. Compl. at Count II, ¶ 11.) Clearly, Count II is inexorably connected to Plaintiff's ERISA claim in Count I. Plaintiff's IIED claim is undisputedly simply another strategy for relief arising out of Plaintiff's allegation that Defendant discharged her to interfere with and disrupt her rights to insurance and related employee benefits. Thus, Count II is preempted. *See Travelers*, 514 U.S. at 658; *Greater Washington Bd. of Trade*, 506 at 129; *Shaw*, 463 U.S. at 97; *contra Smith v. Dovenmuehle Mortg., Inc.*, 859 F.Supp. 1138, 1140 n. 1 (N.D.Ill. 1994)(Plaintiff stipulated ERISA preempted an IIED claim based on

6

an alleged violation of ERISA).[1]

CONCLUSION

For the above, the Court **GRANTS** the motion to dismiss without prejudice Count II of the Amended Complaint.

**IT IS SO ORDERED.**
**DATED**: August 12, 2002

WILLIAM J. HIBBLER, DISTRICT JUDGE

---

[1] In its response to this motion to dismiss, Plaintiff acknowledged the fatal deficiencies of Count II and requested leave to further amend Count II to remove what Plaintiff viewed as merely offensive statements. However, a plaintiff may not amend its complaint through arguments in its brief in opposition to a motion to dismiss. *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996)(plaintiff cannot ask to amend his complaint in brief in opposition to a dispositive motion); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)("complaint may not be amended by the briefs in opposition to a motion to dismiss."). Moreover, a plaintiff may plead herself out of court by pleading facts that undermine the allegations set forth in her complaint. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

7