Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | John W. Darrah |
|---|---|---|---|
| CASE NUMBER | 02-C-2785 | DATE | January 7, 2003 |
| CASE TITLE | Daleidan v. DuPage Internal Medicine, Ltd. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss (Doc. # 14) and Motion to Strike Jury Demand (Doc. # 5)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. For the attached reasons, Defendant's motion to dismiss is DENIED. Defendant's motion to strike jury demand is also DENIED.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 09 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JHC | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARBARA DALEIDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 02 C 2785 |
| v. ) | |
| ) | Judge William J. Hibbler |
| DUPAGE INTERNAL MEDICINE, LTD., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

In her second-amended complaint, Barbara Daleidan alleges that her former employer, DuPage Internal Medicine, violated the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (Count I), and intentionally inflicted emotional distress upon her (Count II). Defendant moves to dismiss Count II of Daleidan's complaint because it fails to state a claim under which relief may be granted, Fed. R. Civ. P. 12(b)(6). Defendant also moves to strike Daleidan's demand for a jury trial. For the reasons set forth herein, the Court DENIES both motions.

Motions to dismiss under Rule 12(b)(6) test the sufficiency of the complaint rather than the merits of the case. The Court must accept the factual allegations pleaded in the complaint as true and make all reasonable inferences in favor of the plaintiff. *Maple Lanes, Inc. v. Messer*, 186 F.3d 823, 824-25 (7th Cir.1999). In order to survive a motion to dismiss, a plaintiff is not required to plead sufficient facts to establish the legal elements of her claim. *Head v. Chicago Sch. Reform Bd. of Trustees*, 225 F.3d 794, 801 (7th Cir. 2000). Instead,

1



a plaintiff need only to put a reader on notice as to the gravamen of her claim. *Id.* If a set of facts consistent with the complaint would entitle the plaintiff to relief, a court should not grant a motion to dismiss. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *Veazey v. Communications & Cable of Chicago, Inc.*, 194 F.3d 850, 861 (7th Cir. 1999). That being said, "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *Palda v. General Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir.1995); *accord McLeod v. Arrow Marine Trans., Inc.*, 258 F.3d 608, 614 (7th Cir. 2001).

To state a claim for intentional infliction of emotional distress under Illinois law, the plaintiff must adequately allege that: "(1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended to inflict severe emotional distress or knew that there was a high probability that its conduct would do so; and (3) the defendant's conduct actually caused severe emotional distress.'" *Graham v. Commonwealth Edison Co.*, 742 N.E.2d 858,866 (Ill. App. Ct. 2000) (citing *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988)).

Whether conduct is extreme and outrageous is evaluated on an objective standard based on all the facts and circumstances. *Id.* In cases where a defendant is accused of using impropriety in using a position of power or authority, the Illinois Supreme Court instructs courts to look to whether the employer reasonably believed its actions to be legitimate. *Fahey*, 533 N.E.2d at 810. Where an employer has a legitimate reason for its employment action (such as investigating purported credit card theft), a court should be reluctant to find

2

a cause of action for emotional distress. *Id.*; *Gibson v. Chemical Card Serv. Corp.*, 510 N.E.2d 37 (Ill. App. Ct. 1987). On the other hand, where a defendant-employer's employment actions serve no legitimate purpose, they may form the basis for an emotional distress claim. *Graham*, 742 N.E.2d at 868; *Johnson v. Federal Reserve Bank*, 557 N.E.2d 328, 331 (Ill. App. Ct. 1990). Further, the Illinois Supreme Court also instructs courts to consider whether the defendant is aware that the plaintiff is peculiarly susceptible to emotional distress by reason of a mental condition. *Fahey*, 533 N.E.2d at 811; *Public Fin. Corp. v. Davis*, 360 N.E.2d 765 (Ill. 1976).

Additionally, Illinois courts have dealt specifically with the question of whether an adverse employment action may form the basis of an emotional distress claim. *See e.g., Graham*, 742 N.E.2d at 868; *Johnson*, 557 N.E.2d at 331; *Welsh v. Commonwealth Edison Co.*, 713 N.E.2d 679, 684 (Ill. App. Ct. 1999); *Miller v. Equitable Life Assurance Soc. of the United States*, 537 N.E.2d 887 (Ill. App. Ct. 1989); *Harris v. First Fed. Sav. & Loan Ass'n*, 473 N.E.2d 457 (Ill. App. Ct. 1984). In *Miller*, the plaintiff (the trustee of the former employee's estate) alleged that the employee had been subjected to a hostile work environment where she suffered physical harm, was sexually harassed, and was discharged in retaliation for reporting other employees' practice of accepting "kickbacks," that lasted for three years and ultimately forced her to require psychiatric treatment. *Miller*, 437 N.E.2d at 888-889. The court, however, held that the "personality conflicts [and] job performance evaluations . . . are unavoidable and often result in stress," and that the employee's coworkers' and supervisors' behavior did not constitute extreme and outrageous conduct. *Id.* Similarly,

the *Welsh* court cautioned that "if the anxiety and stress resulting from . . . termination could form the basis of an action for emotional distress, virtually every employee would have a cause of action." 713 N.E.2d at 684. On the other hand, the *Graham* court ruled that an employee who alleged that his employer conducted a sham investigation of an employee for the sole purpose of retaliating against him for his whistleblowing had pleaded facts sufficient to show that the employer's conduct rose to the level required to state a claim for emotional distress. *Graham*, 742 N.E.2d at 868.

In this case, Daleidan's claims are straightforward. She alleges that on June 8, 2000, she attempted suicide and was hospitalized because she "took an overdose of sleeping pills and pain pills." While she was in the hospital, Daleidan alleges that the Defendant fired her as she recovered from her suicide attempt. Daleidan claims that the Defendant's "conduct in firing her while she was in the hospital trying to recover from a suicide attempt constitutes extreme and outrageous conduct," and that the Defendant knew its conduct would and did cause her severe emotional distress. Further, Daleidan claims that her former employer concocted a fictitious reason for firing her—that she was incompetent—and that the employer knew that a false allegation of incompetence would cause her to suffer emotional distress.

Defendant contends that even accepting Daleidan's allegations as true, she has failed to state a claim for intentional infliction of emotional distress, arguing that as a matter of law its firing of Daleidan does not rise to the level required under Illinois law to reach the level of extreme and outrageous conduct. According to the Defendant, to support a claim

4

of emotional distress in the employment context, a plaintiff is required to establish not only that the employer's conduct goes beyond the bounds of decency, but also that it was "coercive and retaliatory." (Def. Mot. to Dismiss, at 5). Defendant relies largely upon language in *Graham*, expressing Illinois courts' reluctance to recognize a cause of action for emotional distress in the employment context. But Defendant overstates the language in *Graham*. *Graham* observes that "[w]hen an employer's conduct is both coercive and retaliatory, courts have generally found the conduct to be extreme and outrageous, constituting a claim for intentional inflection of emotional distress." *Graham*, 742 N.E.2d at 867-68. This language, however, is not so broad as to suggest, as the Defendant argues, that a plaintiff *must* demonstrate coercive and retaliatory conduct in order to state a claim for emotional distress against her employer. *See, e.g., Kamberos v. Infiniti of Orland Park*, 2002 WL 31248538, *1-3 (N.D. Ill. Oct. 4, 2002) (holding that plaintiff who alleged employer engaged in a campaign of abusive and profane harassment had stated a claim for emotional distress under Illinois law); *Paxson v. County of Cook, Il.*, 2002 WL 1967561 (N.D. Ill. Aug. 23, 2002) (same).

Daleidan has alleged that DuPage Internal Medicine had no legitimate reason for terminating her. Although Defendant responds that Daleidan has provided "no clue as to how the firing was pretextual" and has "failed to even hint as to a reason why the termination was pretextual," under federal notice pleading, Daleidan need only set out in her complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim. *Speedy v. Rexnord Corp.*, 243 F.3d 397, 405 (7th Cir. 2001). "The only

5

function the pleadings must serve is to give notice of the claim; the development of legal theories and the correlation of facts to theory come later in the process." *International Mktg., Ltd. v. Archer-Daniels-Midland Co., Inc.*, 192 F.3d 724, 733 (7th Cir.1999). Daleidan's allegations are bare, but not so bare that there is no set of facts under which she could prove her claim. The gravamen of Daleidan's claim (which is taken as true only for purposes of resolving this motion) is that the defendant not only fired her, but also purposefully concocted a reason for firing her knowing that the fictitious reason would exacerbate her already fragile mental condition. The Court can imagine a set of facts consistent with this allegation that, if proven, would allow Daleidan to recover for her claim of emotional distress. Thus, Defendant's motion to dismiss must be DENIED.

Defendant also filed a motion to strike Daleidan's jury demand. Defendant's motion is predicated upon the assumption that only Count I (ERISA) surviving its motion to dismiss. Because the Court has denied Defendant's motion to dismiss Count II (emotional distress), the motion to strike the jury demand must therefore also be DENIED.

January 7, 2003
Date

The Honorable John W. Darrah
United States District Court

6